UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DELMARIST A.,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**
19-CV-1414S

1.    Plaintiff Delmarist A.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since February 1, 2011, due to various physical and mental conditions. Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

2.    Plaintiff filed an application for supplemental security income on September 21, 2012. The application was denied at the agency level, the ALJ level, and the Appeals Council level. Upon Plaintiff's appeal to the federal district court, her application was remanded to the Commissioner for further consideration consistent with the requirements of the treating-physician rule. See [Delmarist A.] v. Berryhill, 15-CV-986-FPG, 2017 WL 1074524, at *3-5 (W.D.N.Y. Mar. 22, 2017).

3.    On remand, ALJ Stephen Cordovani conducted a *de novo* hearing on December 13, 2018. At the time of the hearing, Plaintiff was 33 years old, with at least a high school education, and no past relevant work. The ALJ considered the case *de novo*

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

and, on January 25, 2019, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on June 19, 2019, and subsequently extended Plaintiff's time to file a civil action in federal court.

4. Plaintiff timely filed the current civil action on October 21, 2019, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on June 16, 2020. (Docket Nos. 6, 7, 14.) The Clerk of Court thereafter assigned the case here on June 11, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 16.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

5. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 1383 (c)(3).

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2)

---

[2] The ALJ's January 25, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

7. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

8. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

9. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

10. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

11. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the

5

> fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

12.    The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 1383 (c)(1)(A); 20 C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

13.    In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since September 21, 2012, the application date (R. at 363);[3] (2) Plaintiff's unspecified bipolar and related disorder, unspecified anxiety disorder, and post-traumatic stress disorder are severe impairments within the meaning of the Act (R. at 363-64); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 364-65); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work

---

[3] Citations to the underlying administrative record are designated as "R."

at all exertional levels, but with certain non-exertional limitations[4] (R. at 365-75); and (5) Plaintiff has no past relevant work but could perform jobs that exist in significant number in the national economy, including cleaner II, hand packer, and industrial cleaner (R. at 375-77). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from September 21, 2012, through January 25, 2019. (R. at 361, 377.)

14. Plaintiff lodges a single challenge to the ALJ's decision. She argues that the ALJ erred by not adequately explaining why he adopted some but not all the limitations opined by consulting examiner Robert Katz, Ph.D., in his RFC determination. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.

15. Dr. Katz examined Plaintiff on October 25, 2017. (R. at 768.) In his narrative medical source statement, he opined that Plaintiff had no limitation in understanding, remembering or applying simple directions and instructions; maintaining personal hygiene and appropriate attire; or being aware of normal hazards and taking appropriate precautions. (R. at 771.) He found that Plaintiff had mild limitations in using reason and judgment to make work related decisions; interacting adequately with supervisors, co-workers and the public; and sustaining concentration and performing a task at a consistent pace. Id. He further found moderate limitations in sustaining an ordinary routine and regular attendance at work and regulating emotions, controlling behavior, and maintaining well-being. Id.

---

[4] The non-exertional limitations consist of the following: cannot perform supervisory duties; cannot do work requiring independent decision-making or independent judgment; cannot be subject to strict production quotas or required to work at a production rate pace; can tolerate minimal changes in work routine and processes; can have occasional interaction with supervisors and co-workers, but no or only incidental interaction with the general public; and cannot do team, tandem or co-dependent work. (R. at 365-66.)

16. Dr. Katz also completed a check-box medical source statement form. (R. at 774-76.) This form is somewhat inconsistent with Dr. Katz's narrative statement. Although Dr. Katz again indicated no limitations in Plaintiff's ability to understand, remember, and carry out instructions (R. at 774), he checked that Plaintiff had moderate (rather than mild) limitations in her ability to interact appropriately with her supervisors and co-workers and marked (rather than mild) limitations in her ability to interact appropriately with the public (R. at 775). In addition, Dr. Katz indicated that Plaintiff had a marked limitation in her ability to respond appropriately to usual work situations and to changes in a routine work setting, a finding not included in his narrative statement. Id.

17. The ALJ gave "great weight" to Dr. Katz's opinion and expressly stated that Dr. Katz's narrative report and check-box medical source statement formed the basis for the RFC. The ALJ found that the limitations in Plaintiff's RFC—cannot perform supervisory duties; cannot do work requiring independent decision-making or independent judgment; cannot be subject to strict production quotas or required to work at a production rate pace; can tolerate minimal changes in work routine and processes; can have occasional interaction with supervisors and co-workers, but no or only incidental interaction with the general public; and cannot do team, tandem or co-dependent work— were "generally conducive" to the limitations Dr. Katz found. (R. at 374.)

18. Plaintiff faults the ALJ for failing to expressly explain why he did not include a corresponding limitation in her RFC based on Dr. Katz's finding that she had a marked limitation in responding appropriately to usual work situations and to changes in a routine work setting. Having thoroughly reviewed the record, this Court finds no error.

19.     RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record.  See 20 C.F.R. § 416.945 (a)(1).  Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  20 C.F.R. § 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole.  See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  In explaining RFC findings, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and is not precluded from crediting only portions of a medical opinion, see Younes v. Colvin, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015), but must explain why a medical opinion was not adopted if the RFC assessment conflicts with it, see Dioguardi, 445 F. Supp. 2d at 297.  Finally, the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion.  See Rosa, 168 F.3d at 79.

20. Here, Plaintiff concedes that the ALJ considered Dr. Katz's entire opinion, which he described in detail in his decision. (Plaintiff's Memorandum of Law, Docket No. 7-1, pp. 13-14; R. at 370-71, 374.) In particular, the ALJ noted Dr. Katz's opinion that Plaintiff had "a marked limitation responding appropriately to usual work situations and changes in a routine work setting." (R. at 371.) And this Court detects no inconsistency between the ALJ's RFC determination and Dr. Katz's opinion. The ALJ included non-exertional limitations in Plaintiff's RFC, including (1) cannot do work requiring independent decision-making or independent judgment, (2) cannot be subject to strict production quotas or required to work at a production rate pace; and (3) can tolerate only minimal changes in work routine and processes. (R. at 366.) These limitations reasonably address Plaintiff's work-setting difficulties, and there is no requirement that the RFC limitations exactly match a given medical opinion. See Rosa, 168 F.3d at 79 ("the ALJ's RFC finding need not track any one medical opinion); see also Uplinger v. Berryhill, No. 18-CV-481-HKS, 2019 WL 4673437, at *7 (W.D.N.Y. Sept. 25, 2019) (finding that marked limitations in mental functioning can be addressed through limitations in the RFC). Consequently, this Court finds that the ALJ properly considered Dr. Katz's opinion, sufficiently incorporated it into the RFC, and adequately explained his reasoning. Plaintiff's argument is therefore rejected.

21. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's argument, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:    July 15, 2021
             Buffalo, New York

                                            s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge